```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     BLUEFIELD DIVISION
```

**LINDA KARNES,**

    **Plaintiff,**

v.                                       Civil Action No. 1:15-13441

**OUTBACK STEAKHOUSE OF**
**FLORIDA, LLC, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion to remand (ECF No. 4). For the reasons expressed below, plaintiff's motion is **DENIED**.

**I.   Background**

This civil action, which was originally filed in the Circuit Court of Mercer County, West Virginia, on March 4, 2015, arises out of a slip and fall accident occurring on March 7, 2013, at an Outback Restaurant in Princeton, West Virginia. Named as defendants are Outback Steakhouse West Virginia, Inc.[1], Outback Steakhouse of Florida, LLC, and John or Jane Doe 1 and 2, the unidentified general manager and shift manager for Outback. Specifically, plaintiff Linda Karnes alleges that "through no fault of her own, Plaintiff slipped on a liquid substance that was located upon the slick non-slip resistant floor of the

---

[1] Prior to removal, Outback Steakhouse West Virginia was dismissed from the lawsuit.

premises causing the Plaintiff to fall to the floor and suffer severe injuries as described below." Complaint ¶ 11. Karnes alleges that, as a result of her fall, she has "sustained severe and debilitating injuries" which have caused her "to incur agonizing physical pain and suffering and significant medical expense, past and future, for necessary medical treatment of her injuries, loss of wages and other general and compensable damages." Id. at ¶¶ 15 and 16. In her Complaint, plaintiff seeks the following relief:

    (a)    Compensatory damages for past and future hospital and medical bills and other compensatory damages allowed by law;

    (b)    General damages for past and future physical pain, emotional suffering, humiliation, embarrassment, permanent injury, loss of enjoyment of life, and other general damages allowed by law;

    (c)    Exemplary damages should the facts warrant the same;

    (d)    Prejudgment and post-judgment interest;

    (e)    Damages for past and future miscellaneous out-of pocket and related expenses;

    (f)    Attorney fees and the cost of this action; [and]

    (g)    Such other relief to which Plaintiffs may be entitled and which this Court may deem just and proper.

Id. Prayer for Relief.

    Pursuant to the provisions of 28 U.S.C. § 1446, defendant Outback Steakhouse of Florida LLC ("Outback") filed a notice of

removal to this court on September 24, 2015, on the basis of diversity of citizenship.  On October 23, 2015, plaintiff filed the instant motion to remand.  On November 6, 2015, Outback filed a memorandum in opposition to the motion to remand.  As plaintiff did not file a reply, this motion is ripe for adjudication.

**II.  Removal Jurisdiction**

Civil actions brought in state court may only be removed to federal court if the federal court has "original jurisdiction" over the action.  28 U.S.C. § 1441(a).  The removing defendant bears the burden of demonstrating that the federal district court has jurisdiction.  Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).  Furthermore, because removal raises federalism concerns, the court must carefully scrutinize the facts to ensure that removal is appropriate and resolve any doubt about the propriety of removal in favor of remanding to state court.  See id.

Federal district courts may exercise original jurisdiction over civil actions constituting a diversity of citizenship where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.  See 28 U.S.C. § 1332(a)(1).  A defendant may remove a case from state court to federal court when the defendant can show by a preponderance of the evidence that the federal court has jurisdiction.  28 U.S.C. § 1441, known as the "removal statute," provides that a case

3

filed in state court can be removed to federal court when it is shown by the defendant that the federal court has jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (providing that defendant has the burden of proof to show jurisdiction of the federal court).

If a defendant chooses to remove an action from state court to federal district court, it must file a notice of removal containing a short and plain statement of grounds for removal within thirty days of the case becoming removable. 28 U.S.C. § 1446(a). Because removal raises federalism concerns, the court must carefully scrutinize the facts to ensure that removal is appropriate. Mulcahey, 29 F.3d at 151 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)). Defendant bears the burden of establishing that removal is appropriate. Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 935 (S.D.W. Va. 1996).

With respect to the amount in controversy, the removing party must show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. See White v. Chase Bank USA, NA, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D.W. Va. Aug. 29, 2009) (citing McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 488 (S.D.W. Va. 2001)). Under the preponderance of the evidence standard, a party must show that it is "more likely than not" that the amount in controversy satisfies the

4

jurisdictional limit.  <u>Judy v. JK Harris & Co. LLC, et al.</u>, 2011 WL 4499316, Civil Action No. 2:10-cv-01276, at *3 (S.D.W. Va. Sept. 27, 2011) (citing <u>Landmark Corp. v. Apogee Coal Co.</u>, 945 F. Supp. 932, 935 (S.D.W. Va. 1996)).  But, as the court has noted before, it need not leave its common sense behind when applying these principles.  <u>Mullins v. Harry's Mobile Homes</u>, 861 F. Supp. 22, 24 (S.D.W. Va. 1994).

In considering whether the jurisdictional amount is satisfied, the court looks to a variety of factors including:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate.  The possible damages recoverable may be shown by the amounts awarded in other similar cases.  Another factor for the court to consider would be expenses or losses incurred by plaintiff up to the date the notice of removal was filed.  The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal . . . .

<u>McCoy v. Erie Ins. Co.</u>, 147 F. Supp. 2d 481, 486 (S.D.W. Va. 2001).

**III.  Analysis**

*Diversity of citizenship*

Plaintiff contends that defendant has failed to meet its burden of showing this matter is between citizens of different states because "at least one of the Defendants is believed to be a resident of the State of West Virginia and all Defendants have

5

not filed a Petition to remove this action to Federal Court." Memorandum of Law in Support of Motion to Remand at p. 1 (ECF No. 5). According to plaintiff, "[h]ere the store manager and shift manager have not been disclosed but are included as parties to this suit. . . . Once this information is disclosed Plaintiff believes that this case will not be a removable civil action to Federal Court." Id. at p. 5.

There is no merit to plaintiff's argument that removal was improper because the John Doe defendants did not join in the notice of removal. According to 28 U.S.C. § 1446, "[w]hen a civil action is removed solely under section 1441(a), <u>all defendants who have been properly joined and served</u> must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). At the time of removal, Outback was the only remaining defendant who had been joined and served and, therefore, removal was proper. See <u>Howze v. Foster Wheeler Constructors & Co, Inc.</u>, Civil Action No. 07-457-FJP-DLD, 2008 WL 89658, *2 (M.D. La. Jan. 7, 2008) (denying motion to remand where "John Doe has not been properly joined and served, and the citizenship of fictitious defendants are not to be considered. . . . "The court has been cited to no authority which would allow it to consider the alleged citizenship of a still unknown and unserved fictitious defendant, and remand the action upon such amorphous consideration.").

With respect to plaintiff's claim that diversity is lacking because the John Doe defendants are likely West Virginia citizens, that argument likewise fails. 28 U.S.C. § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." Therefore, the alleged citizenship of the John Doe defendants does not defeat diversity and destroy this court's otherwise proper exercise of jurisdiction. See Berry v. SeaWorld Parks & Entertainment LLC, No. 4:14cv152, 2015 WL 1119942, *2 (E.D. Va. Mar. 11, 2015) (denying remand motion where "John Doe Employee is sued under a fictitious name, and his citizenship is disregarded at this stage of the proceedings."); see also Flores v. Ethicon, Inc., 563 F. App'x 266, 267 n.2 (4th Cir. Mar. 28, 2014) ("Flores also names `Does 1 - 100' but the citizenship of fictitious parties is not relevant for purposes of determining diversity jurisdiction.").

*Amount in Controversy*

Plaintiff contends that Outback has failed to meet its burden of proving that the amount in controversy exceeds $75,000.00. According to Karnes, Outback's pre-removal settlement offer of $15,000.00 – which she contends is the only evidence before the court – demonstrates that Outback has not

7

satisfied its obligation to show by a preponderance of the evidence that the $75,000.00 threshold has been met.  Karnes also contends that at some point she offered to settle her claims for $74,500.00.

In responding to the remand motion, Outback submitted a copy of a letter from plaintiff's attorney, dated May 8, 2015, which demanded $93,500.00 to settle her claims with Outback.  (ECF 7-2).  Such settlement offers are evidence the court may consider in determining the amount in controversy.  <u>Melton v. Precision Laser & Instruments, Inc.</u>, Civil Action No. 2:12-cv-1697, 2012 WL 6703148, *3 (S.D.W. Va. Dec. 26, 2012) ("A court can also consider as a factor [in determining the amount in controversy] a plaintiff's settlement demands prior to removal.").  Indeed, some courts have concluded that such demands can be dispositive.  <u>See Scaralto v. Ferrell</u>, 826 F. Supp. 2d 960, 968-69 (S.D.W. Va. 2011) (holding "that a demand in excess of the jurisdictional minimum should be treated as the amount in controversy, unless the plaintiff shows that to a legal certainty he cannot recover over $75,000.").  In any event, plaintiff's settlement demand of $93,500.00 is certainly evidence that the amount in controversy exceeds $75,000.00.

The demand letter also indicates that plaintiff has incurred medical expenses in the amount of $8,535.65 and mileage expenses in the amount of $174.06 for a total of $8,709.71 in past special

damages. Karnes also contended that she would require surgery for her knee in the future which would require a minimum of $15,000.00. Finally, Karnes indicated that her lost wages as of May 8, 2015, were $26,847.00. Therefore, by plaintiff's own admission, her special damages as of May 8, 2015, totaled $50,556.71.[2] Furthermore, as noted above, plaintiff alleges that she has "sustained severe and debilitating injuries" as well as permanent injury. In her demand letter, in addition to the knee surgery which she discusses in greater detail, she leaves open the possibility that she may require back surgery as a result of her accident. Based on the foregoing, the court concludes that defendant has met its burden of showing the amount of controversy exceeds $75,000.00.

In Campbell v. Restaurants First/Neighborhood Restaurants, Inc., the court, examining a case in which plaintiff had accrued $18,874.51 in medical bills as of defendant's attempt to remove, found the amount in controversy requirement was satisfied. 303 F. Supp. 2d 797, 799 (S.D.W. Va. 2004) ("Although her medical

---

[2] That plaintiff backed up her demand of $93,500 with specific figures on damages that total more than $50,000 suggest that this court should give the demand greater weight. See Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) ("Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight.").

bills total just shy of $20,000, when one considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied."). Likewise, in Patton v. Wal-Mart Stores, Inc., No. Civ. A. 5:05-0655, 2005 WL 2352298, *2-3 (S.D.W. Va. Sept. 26, 2005), this court found that the $75,000.00 amount was met even though plaintiff's current medical bills were only $5,000.00 because the plaintiff would likely have to undergo surgery in the future. See also Vaughan v. Dixon, Civil Action No. 3:09-CV-50, 2009 WL 2913617, *4 (N.D.W. Va. Sept. 8, 2009) (denying motion to remand where, among other things, plaintiff's medical bills and lost wages totaled $38,800.00)

Furthermore, plaintiff concedes that she has refused to stipulate that any potential recovery would be limited to $75,000.00. Courts often consider such refusals a significant factor in denying motions to remand. See Patton, 2005 WL 2352298, at 3 (denying motion to remand, in part, because plaintiffs refused to stipulate to a maximum verdict of less than $75,000.00); Vaughan, 2009 WL 2913617, at *5 (same).

Looking at the totality of the circumstances surrounding this case, the court finds that defendant has met its burden of showing by a preponderance of the evidence that this case meets the amount-in-controversy requirements associated with diversity

jurisdiction.[3] Plaintiff's demand letter values her claim at $93,500.00. Plaintiff's special damages, by her own account, already exceed $50,000.00. Finally, plaintiff's refusal to stipulate to a maximum verdict of less than $75,000.00 is also further evidence that amount in controversy, more likely than not, exceeds $75,000.00.

**IV. Conclusion**

For the reasons set forth above, the court hereby **DENIES** plaintiff's motion to remand. The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record and unrepresented parties.

It is **SO ORDERED** this 5th day of July, 2016.

ENTER:

*Daniel A. Faber*

David A. Faber
Senior United States District Judge

---

[3] Although the court relied on plaintiff's settlement demand in reaching its conclusion, it was but one factor the court considered. Therefore, this "court need not further consider the bright-line approach to settlement demands set forth in Scaralto." Melton v. Precision Laser & Instruments, Inc., Civil Action No. 2:12-cv-1697, 2012 WL 6703148, *5 n.1 (S.D.W. Va. Dec. 26, 2012)